## Amos Gilbert *vs.* Albert C. Fowler.

Essex. Nov. 4. — Dec. 31, 1874. Ames & Devens, JJ., absent.

A petition to enforce a lien under the Gen. Sts. *c.* 150, alleged that labor was performed and materials furnished in pursuance of a contract under seal between the petitioner and the respondent. The answer admitted the making of the contract. At the trial, the petitioner admitted that the labor was performed and the materials were furnished by the petitioner and his partner, and that the contract was made for the partnership in the name of the petitioner alone, doing the business of the firm in that name. *Held*, that the non-joinder of the partner did not, without an amendment to the answer, entitle the respondent to a nonsuit.

A certificate under the Gen. Sts. *c.* 150, § 5, need not aver that the account therein set forth is " a statement of a just and true account of the amount due, with all just credits."

PETITION on the Gen. Sts. *c.* 150, to enforce a lien for labor performed and materials furnished in building a house and stable on the respondent's land, alleged to have been performed and furnished by the petitioner under a contract with the respondent, which contract was under seal. The answer admitted the making of the contract.

At the trial in the Superior Court, before *Lord*, J., the petitioner admitted that the labor and materials were performed and

furnished by the petitioner and one Dodge, as partners; that the contract was made for the partnership in the name of the petitioner alone, doing the business of the firm under that name. The respondent asked the judge to rule that the action could not be maintained in the name of the petitioner alone, and that Dodge should have been joined, and asked for a nonsuit.

It also appeared that the certificate filed by the petitioner in the office of the town clerk did not aver that the account therein set forth was a " statement of a just and true account, with all just credits given." The respondent asked the judge to rule that the certificate was not in compliance with the Gen. Sts. c. 150, § 5.

The judge declined to give either of these instructions, and assigned as reasons for refusing to give the first, that this defence was not set up in the answer, and that it was sufficient if the name of the petitioner was used as the descriptive name of the partnership. The jury found for the petitioner, and the respondent alleged exceptions.

*H. N. Merrill*, for the respondent. 1. The non-joinder of the petitioner's partner was not apparent on the record, and was first shown at the hearing. The motion for a nonsuit should therefore have been granted. *Halliday* v. *Doggett*, 6 Pick. 359. *Wesson* v. *Newton*, 10 Cush. 114. *Cushing* v. *Marston*, 12 Cush. 431. *Bartlett* v. *Brickett*, 14 Allen, 62.

2. The Gen. Sts. c. 150, § 5, contemplate the making the affidavit by the person or persons by whom the labor is performed or materials furnished, or by some one in their behalf. The affidavit described in the declaration is not in behalf of the firm, and is not the affidavit of the firm, since a partnership cannot be sworn. If made in behalf of the firm, it should have been made by Gilbert, or some person in behalf of Gilbert & Dodge, doing business under the name of Amos Gilbert. *Rockwood* v. *Walcott*, 3 Allen, 458.

3. The affidavit should state that the account therein set forth is a just and true account with all just credits given. See *Lynch* v. *Cronan*, 6 Gray, 531, 532.

*J. P. Jones*, for the petitioner.

ENDICOTT, J. The petitioner made a contract under seal with the respondent to perform labor and furnish materials in the erec tion of a dwelling-house and stable on land of the respondent. It

appeared in evidence before the auditor and at the trial, that one Dodge was interested in the contract, as partner with the petitioner; and the respondent asked the court to rule that the action could not be maintained in the name of the petitioner alone. The court properly declined so to rule. The answer admits that the contract was made with the petitioner, and the respondent cannot, without amendment, set up that he made it with the petitioner and another jointly. The contract also having been made with the petitioner alone, it is immaterial whether the labor was performed wholly by the petitioner, or jointly with another person.

It is not necessary that the certificate under the Gen. Sts. *c.* 150, § 5, should contain the averment that the account therein set forth is " a statement of a just and true account of the amount due, with all just credits." It is sufficient if the certificate in fact contains a just and true statement of the account, not wilfully or knowingly inaccurate.          *Exceptions overruled.*